UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| AMBER L. MCDANIEL, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | 1:07-cv-642-SEB-TAB |
| | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

**Entry Discussing Application for
Attorney Fees under the Equal Access to Justice Act**

### I. Background

Amber McDaniel ("McDaniel") applied for child's insurance benefits and Supplemental Security Income ("SSI") under the Social Security Act, 42 U.S.C. § 301, *et seq.* (the "Act"), based on severe mental impairments. Her applications were denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case to the ALJ for further consideration.

McDaniel has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). For the reasons discussed below, McDaniel's motion for fees (dkt 30) is **granted in part and denied in part.**

### II. Discussion

The EAJA provides that a successful litigant against the federal government is entitled to recover her attorneys' fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *see Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Here, McDaniel is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The Commissioner argues that his position in this case was substantially justified. He also opposes the amount of fees sought by McDaniel's counsel.

**A.**

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Id.* To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at 864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the Commissioner's (ALJ's) decision in this action was deficient. As explained in the Entry issued on January 29, 2009, the court agreed, at least in part, with all of McDaniel's claims of error.

The court agreed with McDaniel's claim that the ALJ failed to discuss and weigh the vocational expert's testimony that McDaniel could not perform any jobs. The court found the Commissioner's response that the ALJ is responsible for determining McDaniel's credibility, not the vocational expert, "unavailing because the ALJ appears to have conceded that McDaniel was credible." Entry Discussing Complaint for Judicial Review ("Entry"), at p. 3. The court also rejected the Commissioner's contention that the ALJ reasonably determined that McDaniel lacked evidence to support her claim. Rather, the court pointed out various findings by Dr. Kladder that constituted adequate medical records supporting McDaniel's claim that her mental impairment prevented her from performing substantial gainful activity. Entry at p. 4. As to McDaniel's claim of error relating to Listing 12.05, the court could not remand based on the ALJ's explanation for how she determined which IQ scores were most reliable. The court did find, however, that the ALJ's rationale did not support her findings for the entire application period at issue. Moreover, the Commissioner's response to the Listing 12.05 claim was found to have missed the mark. *See* Entry at p. 6. Under these circumstances, the Commissioner's position in this case did not have a reasonable basis in law and fact.

**B.**

McDaniel's counsel seeks an award of $7,876.55 for 45.7 hours of legal work, $16.14 in postage expenses, and $350.00 for the filing fee. The Commissioner opposes the hourly rates sought by McDaniel and objects to the number of hours requested. The Commissioner urges the court to award fewer hours than that requested and at a lower hourly rate because of counsel's alleged inefficiency and poor billing judgment.

McDaniel's counsel requests an award of fees at an hourly fee of $165.19 for attorney work performed in 2007, $171.53 for work performed in 2008, and $169.56 for work performed in 2009, representing the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A) and the Consumer Price Index inflation adjustment. The Commissioner


describes McDaniel's requested hourly rate as "enhanced" but does not assert that the rate is unreasonable or improperly calculated. The Court has routinely approved comparable hourly rates and finds no basis on which to find the requested hourly rates excessive.

The Commissioner opposes the amount of attorney time spent in April and May 2007 related to the preparing and filing of the complaint, including 2.5 hours spent in traveling to Indianapolis to file the complaint. The Commissioner also opposes .6 hours spent drafting and filing a motion for extension of time, and 1.9 hours spent scanning documents for the EAJA filing.

In awarding fees, the district court has the discretion and the duty to determine the number of hours that were reasonably expended on the case at hand. *Hensley v. Eckerhart*, 461 U.S. 424, 432-33 (1983). "Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id*. at 437. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id*. at 434.

When reviewing an EAJA award, the court "must exclude hours that were not reasonably expended. . . ." *Tchemkou v. Mukasey,* 517 F.3d 506, 510 (7th Cir. 2008) (internal quotations and citations omitted). In this case, the time spent on what appear to be clerical tasks will be excluded. The amount of time spent in preparing the cover sheet, appearance, summons and cover letters (3.2 hours) shall be reduced by 2 hours (approximately 65 percent) to 1.2 hours. The 2.5 hours spent traveling to Indianapolis to file the complaint will be excluded because the filing could have been completed by mail. The court also finds that .6 hours spent in drafting and filing a motion for time, combined with .6 hours spent reviewing defendant's two motions for time and orders granting such motions, shall be reduced by .8 hours, allowing for .4 hours for these tasks in 2007. The 1.9 hours (in 2009) spent scanning documents will be denied because it appears to be a clerical task. In sum, the fee request will be reduced by 7.2 hours (5.3 hours at the 2007 rate of $165.19 and 1.9 hours at the 2009 rate of $169.56). The total request granted is 28.5 hours in 2007 at an hourly rate of $165.19, 6 hours in 2008 at an hourly rate of $171.53, and 4.0 hours in 2009 at an hourly rate of $169.56. The total award for fees is $6415.33. The $366.14 request for fees and expenses is also granted.

### III.  Conclusion

The court finds that the Commissioner has not carried his burden of establishing that his position in this case was substantially justified. Accordingly, McDaniel's motion for attorney fees (dkt 30) is **granted** but the number of hours requested is reduced by 7.2 hours. The court finds the request of $6415.33 for attorney's fees, plus expenses of $366.14, to be reasonable. A separate order consistent with this ruling shall now issue.

**IT IS SO ORDERED.**

Date: 08/25/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana